```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


ANTONIO ALBERT,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )     No. 4:06-CV-941 CAS
                                   )
LAURENT JAVOIS, et al.,            )
                                   )
            Defendants.            )
```

### MEMORANDUM AND ORDER

This matter is before the Court on the application of Antonio Albert for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Also before the Court is applicant's motion to appoint counsel [Doc. #4] Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a patient at the St. Louis Psychiatric Rehabilitation Center (SLPRC) seeks release from confinement and damages for alleged violations of his constitutional rights. Named as defendants are Laurent Javois, identified as the "CEO" of the SLPRC; and Kim Fields. Briefly, it appears that plaintiff is confined at SLPRC after pleading not guilty by reason of insanity (NGRI) to a criminal offense. Plaintiff states that he is being denied release because he has an unwanted sexual relationship with an unnamed SLPRC employee.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). First, to the extent that plaintiff seeks immediate or speedier release from confinement, his sole federal remedy is a writ of habeas corpus -- not a civil action pursuant to 42 U.S.C. § 1983. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). Because there is no indication that plaintiff exhausted his available state remedies, 28 U.S.C. § 2254(b)(1)(A), plaintiff's claim for immediate release will be dismissed without prejudice.

Second, to the extent that plaintiff seeks damages, the complaint fails to indicate how the named defendants are directly and personally responsible for the events that allegedly injured plaintiff. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 1]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [Doc. 4]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of October, 2006.